IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

KYRA HARPER                                              CASE NO.

    Plaintiff,

Vs.

UNITED STATES DEPARTMENT OF EDUCATION

    Defendant

F I L E D
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

AUG 1 1 2020

JEFFREY P. ALLSTEADT, CLERK
INTAKE 1

Now comes  Plaintiff  Kyra Harper,  Pro-se complaint alleges as follows:

<u>Preliminary Statement</u>

1.  Plaintiff seeks damages of $16,000 arising from Defendant action           against her by the

    Defendant seizure of her federal income taxes. Pursuant  to U.S.C& 548 fraudulent transfer of

    money; &523(a)(8) dischargeability  of student loan.

<u>PARTIES, JURISDICTION, AND VENUE</u>

2.  This Court has jurisdiction over this adversary proceeding  pursuant to 28 U.S.C &1334 and $157

    in that this action arises in and relates to bankruptcy case, In re Kyra Harper .Case No.96B19846

    see <u>EXHIBIT A.</u>

3. Venue is proper in the District because Defendant is subject to personal jurisdiction and the conduct complained of herein occurred in this District.

4. Plaintiff, Kyra Harper, is a citizen of the State of Illinois and resides in Cook, County, Illinois.

5.Defendant, United States Department Of Education is an agency of the United States.

### Statement of Facts

6.In 1982,plaintiff was a student at Eastern Illinois University.  At that time, she obtained  a student loan to finance her education.

7.She began repaying the loan in 1986 and made payments up to and including 1996.

8.  In or about 1996, plaintiff filed Chapter 7 bankruptcy case in order to resolve some debts arising out of a car accident.

10. After that filing , plaintiff's student loan credit information was deleted from her credit report ,and the debt collection calls stopped in regard to the payment of the loan.

11. In March of 2013, plaintiff filed for her federal income tax for the year ending December 31,2012. She did not receive the tax refund that was due from an overpayment.

12.In August of 2013,she continue to inquire with the IRS regarding her tax refund was advised that the refund was offset by non-IRS debts.

13.In further inquiry, plaintiff was informed that the Department of Education had seized her tax refund via Premiere Credit of North America collection agency.

(2)

14. Premiere Credit of North America was contacted, they told her that her balance was $ 24,798. Her initial debt was $32,690 ,tripling the principal balance of $9,686.00.

15. Plaintiff returned the forms to  Premiere Credit, but never received the a hearing .

16. In November of 2013, Plaintiff received a notice that there had been no evidence submitted with respect to the discharge in bankruptcy.  Plaintiff resubmitted the documents but got no response from Premiere Credit.

17.Plaintiff contacted Premiere , the representative that was assigned to her started  harassing her via phone  several times.

18. As a result of the harassment, plaintiff filed a complaint with  the Consumer Financial Protection Bureau (CFPB) Better Business Bureau(BBB),and later in 2016 the Illinois Attorney General Office (AG).

19.When Premiere answered the complaint, they stated that she received a loan of $8.500.00 to attend Eastern Illinois University (E.I.U), that later went into default in 1996 see EXHIBIT B

20. On her loan history see EXHIBIT C ,it shows that plaintiff  took  out a $8,500.00 on10/22/85;disbursed on12/29/1994?

21. Plaintiff was residing in Marietta, Ga in 1994 and wasn't attending any higher educational institution. In late 2016 the U.S  Department of Education(ED) told plaintiff that they will investigate her complaint. In April of 2017 , instead of receiving their finding , plaintiff received a final notice see EXHIBIT D.

22.Plaintiff requested additional documents including the promissory note she allegedly signed for the debt. Plaintiff never received.

(3)

24. May of 2017 plaintiff filed a pro-se complaint. The complaint was based on her proving that she never received a $8,500.00 loan in 1994 to attend E.I U.

25. Judge Ellis assigned plaintiff to the law firm Klein, Dadady, Aretos and Donoghue who was assigned to attorney Daniel Lee.

26.  Plaintiff met with attorney Daniel Lee in his office once for about 45 minutes in late August of 2017.

27. On 10/24/17 attorney Daniel Lee filed an amended complaint.

28. On 1/16/17 , Premiere Credit filed a motion to dismiss.

29. Plaintiff called attorney Lee shortly thereafter Premiere filed their motion to dismiss. He told plaintiff that he will answer the complaint, and amend the errors that he made on his initial amend complaint.

30. Plaintiff never heard from attorney Lee until February 28,2018 He also never answered the motion to dismiss or correct his errors on his amended complaint. He told her that he had a settlement offer by the  Department of Education  which was essential: payment on the balance of $28,798 will be accrued between 1-2% instead of the initial 9% interest .

31. Attorney Daniel Lee  E-mailed plaintiff on March 2, 2018 and encouraged her to settle because plaintiff should have filed an adversary action in 1996 because she allegedly had 1,666 days of forbearance and they found out that  her 1980's loans were consolidated in the 1990's -which was inaccurated; she neve consolidated any student loans.

(4)

student loans if repayment would constitute "an undue hardship". Prior

to the legal change in 1998, student borrower could also "discharge" student

loans if the borrower had been in repayment for seven years notwithstanding

the undue hardship test.

32. The conduct of Defendant was willful and demonstrated reckless damage for plaintiff.

33. On March 6th,plaintiff was given an ultimatum by attorney Lee that she must accept the offer or he will withdraw from her case on March 8, 2018. The offer was repayment on the balance of $24,782 at 1% instead of the initial interest rate of 9%.

34. Plaintiff refused to accept the offer because she new her student loans was discharged in bankruptcy.

35. Attorney Lee withdrew ,judge Ellis set a date of May 2018 for plaintiff to answer the U.S Department of Education (DOE) complaint. She also stated for plaintiff to submit all evidence to support her claim.

36. In plaintiff answer ,she submitted her schedule F of her bankruptcy papers, her first repayment of the loan began due in May of 1986.

37. According to Stafford student loan guidelines: the first date of repayment of Stafford loan section 682.209(a)(3) is mandatory and begins six months after the borrower graduates ,leave school, or cease at least half time studies. Here's plaintiff back story:

She attended EIU in the fall of 1981,left in 1985,wasn't enrolled in '86,87, In '88

she took a five credit hour summer course. Due to major life changing event, she

moved to Marietta, Ga in 1989. Plaintiff returned to Illinois in 1994,she started

inquiring about completing her B.S degree . She found out that she only had to

pass a non-credit State proficiency test. She received her degree in December of1994.

(5)

38. Therefore, see Exhibit E, her loan repayment began in May of 1989, plaintiff filed bankruptcy July 30, 1996 and finalized in December of 1996.

39. When the (DOE) replied on 5/18/18, they stated that plaintiff had allegedly 1,168 days of suspension/deferments of student loans.

40.Plaintiff thereafter, called ISAC and spoke to two different agents, both informed her that her default loan case had been closed since July of 1996. They also didn't understand why any collection agency was contacting her because their office would have assigned the collection servicer, and more pressingly, Premiere Credit Collection was not one of their servicers in Illinois.

41.The U.S attorney stated that if plaintiff can confirm that her period of repayment began more than seven years, they will not pursue the debt. See  Exhibit F

42.On March 21,2018, plaintiff submitted her addendum to the defendant Motion to Dismiss. Plaintiff submitted this document see Exhibit G, which was certify by Tony Gales, that the document was accurate and correct.

43. On the document (exhibit G) under the itemized deferment /forbearance section it states that she allegedly had a grand total of 893 days of suspension payments, instead of 1,168 days that the DOE states in their reply.

44. When the DOE answered on May 22,2018, they now stated that she received a forbearance from 3/9/90 ton9/11/92,which was nine months earlier in an attempt to support their narrative of a late November of 1986 first repayment date. This was their   attempt to make the loan non-dischargeable in bankruptcy.

The dates that the DOE claimed she had forbearance were redacted see Exhibit H. They intentionally
wanted to conceal facts that she was making payments on the months they claimed she had suspended
Payments.

46. On August 6, 2018, Judge Ellis signed her order stating that the Fair Debt Collection Practices Act,
15 U.S.C & 1692 (FDCPA) claim dismiss with prejudice, and Illinois Consumer Fraud and Deceptive
Business Practices, 815 ILCS & 505 (ICFA) claim dismiss without prejudice. Also, in her order she
encouraged her to reach out to the DOE and the US attorney, Kelly see Exhibit I. Plaintiff got no
response from the DOE or US attorney (she left several messages on attorney's Kelly voice mail).

47. In December of 2018 the US attorney pdf her a federal student aid document to start repayment
Of the loan, he ignored Judge Ellis order and will not converse by phone or email.

48. After seeking counseling at the Dirksen courthouse, and found out that Judge Ellis ruling
was correct. The legal aid attorney stated that the FDCPA claim had a one year statute of limitation
from the last violation occurred, *she then decided not to appeal her order.*

## CONCLUSION

Plaintiff believes that Premiere of North America, and someone in the DOE were in collusion by using
unethical tactics; Premiere of North America lost their contract with the DOE in 2019 due to unethical
business practices. Their actions at the time caused plaintiff to be in a constant state of anxiety due
to them threatening her. Plaintiff was only working less then thirty hours a week, and constantly being
threaten with wage garnishment, seizure of her professional license. Now there is another collection
agency that started harassing her, Reliant Capital Solution ( since the start of the pandemic, the calls
and collection letters have ceased) ,plaintiff prays that this situation be corrected. *See Exhibit J*

Kyra Harper

1110 east 165th

South Holland, IL 60473

(708) 439-4478

*Respectfully,*
*Kyra Harper*

B18 (Official Form 18)
(12/94)

# United States Bankruptcy Court

### Northern District of Illinois, Eastern Division

REC'D DEC 10 1996

In re:

HARPER, KYRA M
SSN: 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    EIN: NA

)
)
)
)
)
)
)

Bankruptcy Case No. 96B19846

Chapter 7

## DISCHARGE OF DEBTOR

It appears that a petition commencing a case under title 11, United States Code, was filed by or against the
person named above on July 31, 1996, that an order for relief was entered under chapter 7, and that no
complaint objecting to the discharge of the debtor was filed within the time fixed by the court [or that a
complaint objecting to discharge of the debtor was filed and, after due notice and hearing, was not sustained].

IT IS ORDERED THAT:

1. The above-named debtor is released from all dischargeable debts.

2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as
a determination of the personal liability of the debtor with respect to any of the following:

(a) debts dischargeable under 11 U.S.C. § 523;

(b) unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged
to be excepted from discharge under clauses (2), (4), (6) and, in cases originally filed on or after
October 22, 1994, (15) of 11 U.S.C. § 523 (a);

(c) debts determined by this court to be discharged.

3. All creditors whose debts are discharged by this order and all creditors whose judgments are declared
null and void by paragraph 2 above are enjoined from instituting or continuing any action or employing
any process or engaging in any act to collect such debts as personal liabilities of the above-named debtor.

BY THE COURT

Dated:    12/05/96

Thomas James
United States Bankruptcy Judge

Exhibit A

In Re: Kyra N. Harper _____ / Debtor    Case No.

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| ...tor Name and Address | Date Claim was Incurred Consideration for Claim | Claim Amount and Notes* |
|---|---|---|
| ...unt No. 600776061<br>...s<br>... J. State Street<br>Chicago, IL 60603 | 1984<br>Credit card purchases | $ 248.00 |
| 2. Account No. 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<br>IDAPP<br>PO Box 94020<br>Palatine, IL 60094 | 1982<br>Student Loan<br>DEBTOR STATES FIRST DUE 1986<br>DEBTOR STATES DISCHARGEABLE | $ 9,866.00 |
| 3. Account No. 19801102071<br>JC Penney<br>PO Box 33200<br>San Antonio, TX 78275 | 1986<br>Credit card purchases | $ 310.00 |
| 4. Account No. 5414502191167:10<br>Key Federal MC<br>PO Box 7868<br>Havre de Grace, MD 21078 | 1986<br>Credit card purchases | $ 811.00 |

No continuation sheets attached

|  | Subtotal: | $ 11,235.00 |
|---|---|---|
|  | Total: | $ 11,235.00 |

Page 3 - Ms. Kyra Harper

You must submit your written allegations against the private collection agency to the address below:

> U.S. Department of Education
> ATTN: Contract Services Branch
> 61 Forsyth Street, Suite 19T89
> Atlanta, GA 30303

However, these allegations have no bearing on the validity or the existence of the debt, the status, or the amount due or past due on the debt.

- You objected to garnishment on the basis that this debt is not an enforceable debt.

Because the Department holds the promissory note and other records supporting the existence of this debt, the borrower has the burden to prove that the debt is not owed. You did not provide any evidence to support your claim. The Department finds that your student loan debt is legally enforceable.

- You objected to garnishment on the basis that you a review of your account.

Our records indicate that in 1994, you received a loan made under the Federal Family Education Loan Program in the amount of $8,500.00 to attend Eastern Illinois University. The loan was later declared in default, and the Illinois Student Assistance Commission (ISAC), the guaranty agency, paid an insurance claim to the lender. Interest was capitalized, increasing the principal balance. Total credits to this account while it was held by ISAC were $1,040.36. Ordinarily credits are applied first to accrued interest and fees, and then to unpaid principal. ISAC subsequently assigned the account to the Department's Default Resolution Group. The loan entered our database on June 11, 1996. At the time of assignment, the balance was certified to be $9,688.52 in unpaid principal, $376.35 in accrued interest, and $6.71 in fees. Interest continues to accrue at the rate stipulated on the promissory note.

Since the Department's Default Resolution Group has held this account, payments totaling $4,830.88 have been credited.

- You objected to garnishment on the basis that interest and fees have been added to your account.

Pursuant to Federal Claims Collection Standards 31 CFR 901.9(a), "agencies shall charge interest, penalties, and administrative costs on debts owed to the United States pursuant to 31 USC 3717."


Exhibit B

SF - FFEL STAFFORD SUB
CHATTAHOOCHEE TECHNICAL COLLEGE - 00562000    Status: CA as of 05/13/1991    [Loan Detail]

| Guaranteed Amt: | $2,214 | Disbursed Amt: | $2,214 | OPB: | $75 | Agg. OPB: | $75 |
|---|---|---|---|---|---|---|---|
| Loan Date: | 05/10/1991 | Sep. Loan Ind: | A | Loan Period: | 01/03/1991 - 01/01/1992 | | |
| Last Disb. Date: | 09/03/1991 | Last Disb. Amt: | $2,214 | Acad. Lv: | 1 | | |
| GA: | PENNSYLVANIA HIGHER EDUC. ASST. AGENCY - 742 | | | | | | |
| Servicer: | AMERICAN EDUCATION SERVICES - 700141 | | | | | | |

3    SF - FFEL STAFFORD SUB
CHATTAHOOCHEE TECHNICAL COLLEGE - 00562000    Status: CA as of 05/13/1991    [Loan Detail]

| Guaranteed Amt: | $1,000 | Disbursed Amt: | $0 | OPB: | $0 | Agg. OPB: | $0 |
|---|---|---|---|---|---|---|---|
| Loan Date: | 04/18/1991 | Sep. Loan Ind: | A | Loan Period: | 01/03/1991 - 01/01/1992 | | |
| Last Disb. Date: | N/A | Last Disb. Amt: | $0 | Acad. Lv: | 1 | | |
| GA: | GEORGIA HIGHER EDUCATION ASSISTANCE CORP - 713 | | | | | | |
| Lender: | WELLS FARGO BANK, N.A. - 802445 | | | | | | |

4    SF - FFEL STAFFORD SUB
CHATTAHOOCHEE TECHNICAL COLLEGE - 00562000    Status: FB as of 01/18/2017    [Loan Detail]

| Guaranteed Amt: | $1,000 | Disbursed Amt: | $1,000 | OPB: | $33 | Agg. OPB: | $33 |
|---|---|---|---|---|---|---|---|
| Loan Date: | 02/06/1991 | Sep. Loan Ind: | A | Loan Period: | 10/02/1990 - 10/01/1991 | | |
| Last Disb. Date: | 06/10/1991 | Last Disb. Amt: | $1,000 | Acad. Lv: | 1 | | |
| GA: | PENNSYLVANIA HIGHER EDUC. ASST. AGENCY - 742 | | | | | | |
| Servicer: | AMERICAN EDUCATION SERVICES - 700141 | | | | | | |

5    SF - FFEL STAFFORD SUB
EASTERN ILLINOIS UNIVERSITY - 00167400    Status: DU as of 08/11/1996    [Loan Detail]

| Guaranteed Amt: | $8,500 | Disbursed Amt: | $8,500 | OPB: | $9,687 | Agg. OPB: | $8,500 |
|---|---|---|---|---|---|---|---|
| Loan Date: | 10/22/1985 | Sep. Loan Ind: | A | Loan Period: | N/A - N/A | | |
| Last Disb. Date: | 12/29/1994 | Last Disb. Amt: | $8,500 | Acad. Lv: | N/A | | |
| ED Servicer: | DEBT MANAGEMENT AND COLLECTIONS SYSTEM - 556 | | | | | | |

6    SF - FFEL STAFFORD SUB
EASTERN ILLINOIS UNIVERSITY - 00167400    Status: DR as of 05/29/1996    [Loan Detail]

| Guaranteed Amt: | $2,500 | Disbursed Amt: | $2,500 | OPB: | $0 | Agg. OPB: | $0 |
|---|---|---|---|---|---|---|---|
| Loan Date: | 10/18/1985 | Sep. Loan Ind: | A | Loan Period: | 08/01/1985 - 05/01/1986 | | |
| Last Disb. Date: | 10/22/1985 | Last Disb. Amt: | $2,500 | Acad. Lv: | 4 | | |
| GA: | ILLINOIS STUDENT ASSISTANCE COMMISSION - 717 | | | | | | |
| Lender: | ILL DESIGNATED ACCOUNT PURCHASE PR - 826351 | | | | | | |

7    SF - FFEL STAFFORD SUB
EASTERN ILLINOIS UNIVERSITY - 00167400    Status: DR as of 05/29/1996    [Loan Detail]

| Guaranteed Amt: | $1,146 | Disbursed Amt: | $1,146 | OPB: | $0 | Agg. OPB: | $0 |
|---|---|---|---|---|---|---|---|
| Loan Date: | 04/16/1985 | Sep. Loan Ind: | A | Loan Period: | 05/01/1985 - 08/01/1985 | | |
| Last Disb. Date: | 04/16/1985 | Last Disb. Amt: | $1,146 | Acad. Lv: | 3 | | |
| GA: | ILLINOIS STUDENT ASSISTANCE COMMISSION - 717 | | | | | | |
| Lender: | ILL DESIGNATED ACCOUNT PURCHASE PR - 826351 | | | | | | |

8    SF - FFEL STAFFORD SUB
EASTERN ILLINOIS UNIVERSITY - 00167400    Status: DR as of 05/29/1996    [Loan Detail]

| Guaranteed Amt: | $1,354 | Disbursed Amt: | $1,354 | OPB: | $0 | Agg. OPB: | $0 |
|---|---|---|---|---|---|---|---|
| Loan Date: | 12/12/1984 | Sep. Loan Ind: | A | Loan Period: | 01/01/1985 - 05/01/1985 | | |
| Last Disb. Date: | 12/12/1984 | Last Disb. Amt: | $1,354 | Acad. Lv: | 3 | | |
| GA: | ILLINOIS STUDENT ASSISTANCE COMMISSION - 717 | | | | | | |
| Lender: | ILL DESIGNATED ACCOUNT PURCHASE PR - 826351 | | | | | | |

9    SF - FFEL STAFFORD SUB
PRAIRIE STATE COLLEGE - 00164000    Status: DR as of 05/29/1996    [Loan Detail]

| Guaranteed Amt: | $2,500 | Disbursed Amt: | $2,500 | OPB: | $0 | Agg. OPB: | $0 |
|---|---|---|---|---|---|---|---|
| Loan Date: | 02/23/1984 | Sep. Loan Ind: | A | Loan Period: | 01/01/1984 - 12/01/1984 | | |
| Last Disb. Date: | 02/23/1984 | Last Disb. Amt: | $2,500 | Acad. Lv: | 2 | | |
| GA: | ILLINOIS STUDENT ASSISTANCE COMMISSION - 717 | | | | | | |
| Lender: | ILL DESIGNATED ACCOUNT PURCHASE PR - 826351 | | | | | | |

SF - FFEL STAFFORD SUB    Status: CA as of 02/06/1984

Exhibit C

RETURN THIS PORTION WITH YOUR PAYMENT

NOTE: NAME/ADDRESS/PHONE NO. CHANGES ON BACK

| | | Total Balance |
|---|---|---|
| | | $24,732.03 |

$0.00   $4,851.17

AMOUNT PAID:

414283924   004467   ********AUTO**MIXED AADC 208
KYRA M HARPER
1110 E 165TH ST
SOUTH HOLLAND IL 60473-2531

SEND PAYMENT TO:

US DEPARTMENT OF EDUCATION
NATIONAL PAYMENT CENTER
PO BOX 105028
ATLANTA GA 30348-5028

4  410015913880  0000001234  00000999     4  410015913880  0004252017  24782003

KEEP THIS PORTION FOR YOUR RECORDS

April 25, 2017

## FINAL NOTICE OF WAGE GARNISHMENT FOR DEBT OWED TO U.S. GOVERNMENT

You have failed to respond to a previous Notice of Proposed Wage Garnishment sent to you by the U.S. Department of Education (Department), which included a demand for payment on the outstanding student loan debt held by the Department and detailed the steps you otherwise must take to defend against garnishment of your wages as payment toward this debt. As a result of your non-response, the Department will order your employer to begin withholding 15% of your disposable pay every pay period until the balance is paid-in-full.  (NOTE: disposable pay constitutes all compensation remaining after the deduction of all amounts required by law to be withheld.)  The unpaid principal portion of the balance noted above will continue to accrue interest.  Your employer will be required under Federal Law to comply with the order.

You can cancel wage garnishment action at any time by sending payment in full along with the upper portion of this notice to the US Department of Education - National Payment Center.  The balance shown includes the outstanding principal, accrued interest, and assessed fees.  Make all payment instruments payable to "U.S. Department of Education" and include your name and account number on the face of the payment instrument.

You may still exercise the right to contest this action as cited in our original Notice of Proposed Wage Garnishment.  However, because you failed to comply with the terms of the previous notice, your exercise of this right will not result in the delay of wage garnishment.

US DEPARTMENT OF EDUCATION
PO BOX 5227
GREENVILLE TX 75403-5227

1-800-621-3115       TTY: 1-877-825-9923


Exhibit D



# REQUEST FOR PRECLAIM ASSISTANCE OR CLAIM REIMBURSEMENT

ILLINOIS STUDENT ASSISTANCE COMMISSION

1755 Lake Cook Rd
Deerfield, IL 60015
(708) 948-8500

☐ Preclaim Assistance
(Includes Supplemental/Preclaim Assistance)

(Check One)

☒ Claim Reimbursement
Requires Claim Filing Checklist and supporting documentation

## I. Loan Type

1. ☒ Stafford (GSL)
2. ☐ SLS (ALAS)
3. ☐ PLUS
4. ☐ Illinois Opportunity
5. ☐ Consolidation
6. ☐ Unsubsidized Stafford (USUB)

## II. Reason

1. ☐ Skip
2. ☐ Non Pay of Nonsubsidized Interest
3. ☐ Permanent Disability
4. ☐ Other
5. ☒ Slow Pay
6. ☐ Death
7. ☐ Bk—Chapter 7 & 11
8. ☐ Bk—Chapter 12 & 13
9. ☐ Slow Pay Litigated Account

## III. Account Information

Name of Borrower __HARPER      KYRA      M__      SS# _____-0689

Address __1202 J ASHBOROUGH TER    MARIETTA    GA__    ZIP Code __30067__

Former (Maiden) Name _____    Home Phone # (404)-424-2321

Place of Employment __MANOR CARE__    Work Phone # (000)-000-0000

Spouse's Name _____    Parent's Tel # (   )

If PLUS, Student's Name _____    SS# _____

Co-Maker/Co-signer (if any) Name _____    SS# _____

Lender Code Number __826351__    School Code Number __005620__ (LAST SCHOOL ATTENDED)

Lender Name __IL DESIGNATED ACCT PUR-PRG__    School Name __CHATTAHOOCHEE TECH IN__

Address __1755 LAKE COOK RD.__    Address _____

__DEERFIELD, IL 60015__

Service Code Number (if applicable) _____

School Separation Date __10/22/85__    End of Grace Period __04/22/86__

School Refund/Closed School Amount $ _____    Date of Refund/School Closing _____

## IV. Interim/Promissory Note(s) — Itemize All Loans (Regardless of Status)

| Disbursement Date | Guarantee Loan Amount | Interest Rate | Period of Loan | | Anticipated Date of Graduation |
|---|---|---|---|---|---|
| 06/08/82 | $ 1,000.00 | 9.00% | | TO | |
| 03/16/84 | $ 2,500.00 | 9.00 | | TO | |
| 01/04/85 | $ 1,354.00 | 9.00 | | TO | |
| 05/27/85 | $ 1,146.00 | 9.00 | | TO | |
| 12/09/85 | $ 2,500.00 | 9.00 | | TO | |
| | | | | TO | |
| | | | | TO | |
| | | | | TO | |
| | | | | TO | |
| TOTAL | $ 8,500.00 | | | | |

JAN 1995 RECEIVED

NOTE: ALL INSURANCE PREMIUMS MUST HAVE BEEN PAID FOR LOANS SUBJECT TO AN INSURANCE PREMIUM. (AS DISCLOSED ON THE NOTE OR NOTES.)
WHEN SUBMITTING A SIGNED CLAIM REIMBURSEMENT TO ISAC ONLY ENDORSED ORIGINAL NOTE(S), LOAN APPLICATION(S), REFERENCE TO, AND PAYMENT, OR STOP, OR DEFERMENTS, FORBEARANCES, AND PROOF OF LOAN CANCELLATION REQUESTS I.E., BANKRUPTCY, DEATH, TOTAL AND PERMANENT DISABILITY, ... NOTE(S) MUST BE ENDORSED IN INK AS FOLLOWS: PAY TO THE ORDER OF THE ILLINOIS STUDENT ASSISTANCE COMMISSION

ISAC E F019  (OHO) 49  3(4)    OVER

EXHIBIT E

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KYRA HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 3885 |
| v. | ) | |
| | ) | Judge Ellis |
| UNITED STATES DEPARTMENT OF | ) | |
| EDUCATION, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## REPLY IN SUPPORT OF
## UNITED STATES' MOTION TO DISMISS FIRST AMENDED COMPLAINT

### Introduction

Plaintiff Kyra Harper claims that the United States is liable under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), or its state-law analog the Illinois Consumer

Fraud and Deceptive Business Practices Act, 815 ILCS § 505 *et seq.* ("ICFA"), because it is

attempting to collect on student loan debt she discharged in her 1996 bankruptcy.  The United

States moved to dismiss because it has not consented to suit under the FDCPA or the ICFA *and*

because the earlier bankruptcy did not discharge the student loan debt.  Dkt. 30 (Mot.).  While

Harper's response provides additional information about her student loan discharge theory, she did

not address the United States' argument on the non-applicability of the FDCPA or ICFA.  Dkt. 35

(Resp.).  Failure to respond to an argument is concession, and this concession justifies dismissal.

Harper can pursue her discharge theory further challenging dischargeability in the appropriate

judicial forum (her closed bankruptcy case) or by providing more information in support of that

theory directly to the Department of Education.

Exhibit F

## Argument

### I.    Neither the FDCPA nor the ICFA Apply to the United States.

Harper has not addressed the first step in suing the United States: identifying an applicable sovereign immunity waiver. The United States cannot be sued without its consent, that consent is expressed by Congress through legislation, and the plaintiff bears the burden of demonstrating that sovereign immunity has been waived. *See U.S. Dept. of Energy v. Ohio*, 503 U.S. 607, 615 (1992); *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586-587 (1941). Harper has not met her burden because she has not identified an applicable sovereign immunity waiver for either of her two theories of liability: violation of the FDCPA or ICFA. The United States is not aware of any sovereign immunity waiver applicable to the ICFA—a state law statutory theory of liability—and the FDCPA expressly *excludes* the United States from its scope. 15 U.S.C.A. § 1692a(6)(C); *Loren G. Rice Trust v. C.I.R.*, 104 T.C.M. (CCH) 514 (T.C. 2012); *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) (rejecting FDCPA claim against United States based on statutory definition and on sovereign immunity grounds).

Harper's response does not address the threshold sovereign immunity waiver problem. Since Harper has not established an applicable sovereign immunity waiver—and none exists—the court should dismiss this case.

### II.   Harper Has Provided Additional Facts About Her Discharge Contention, Which She Can Pursue Through Other Avenues.

Even if there was a sovereign immunity waiver, Harper's claim would fail because it is built on the mistaken belief that her student-loan debt has been discharged. The bankruptcy code's student loan discharge statute (11 U.S.C. § 523(a)(8)) is self-executing, meaning that student loan debt such as Harper's is excepted from discharge unless the debtor prevails in an adversary

proceeding to establish discharge. Harper's response challenges this interpretation, but does so without any analysis and is therefore unpersuasive. Further, while Harper has provided additional allegations that go to her claim that the debt is dischargeable, this lawsuit is not the mechanism and this court is not the forum for adjudicating that challenge. The correct mechanism would be for Harper to bring an action to determine dischargeability before the bankruptcy court that granted Harper her discharge.

Absent a judgment in favor of a debtor under the student loan statute, § 523(a)(8), student loans are not discharged in bankruptcy. This is so because of the structure of the discharge statute and because of applicable legislative history. Bankruptcy code § 523(a) specifies what debts are excepted from discharge (§ 523(a)(8) is student loan debt), then § 523(c) states that debts described in § 523(a)(2), (4), (6), or (15) are discharged unless the *creditor* sues the *debtor*. 11 U.S.C. § 523 (effective April 26, 1996). Since § 523(a)(8) student loan debt is not among the debts specified in § 523(c), the creditor (here, Department of Education) does *not* need to file a complaint to establish the student loan debt as non-dischargeable. Further, § 523(a)(8)'s legislative history states that the subsection "is intended to be self-executing and the lender or institution is not required to file a complaint to determine the nondischargeability of any student loan." S. REP. 95-989, 79, 1978 U.S.C.C.A.N. 5787, 5865. For this reason, § 523(a)(8) is "self-executing so that the creditor would not be required to file a complaint to determine the dischargeability of a student loan." *United States v. Wood*, 925 F.2d 1580, 1583 (7th Cir. 1991).

Harper disagrees, stating that student loan discharges were "automatic" under the since-repealed portion of § 523(a)(8) that allowed for a discharge of student loan debt that "first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition." Resp. at 2; 11 U.S.C. § 523(a)(8)(A) (effective April 26, 1996).

Harper has not provided statutory analysis or citation to precedent to back up this conclusion. The United States has not found support for the proposition that a student loan creditor must challenge the dischargeability of student loan debt under the seven-year rule before a bankruptcy case closes or lose the right to do so. At least one court in this district has explicitly held that the debtor must file a § 523(a)(8) complaint or the loan is presumed not dischargeable, even if the debtor's theory of discharge relies on the seven-year rule. *In re Bachner*, 165 B.R. 875, 881 (Bankr. N.D. Ill. 1994). There is some support, though it appears a minority view, for the idea that "both the lender and debtor are placed upon equal footing; neither side is required to file a complaint when the statute clearly provides that a student loan is either nondischargeable or dischargeable." *In re Griffin*, 108 B.R. 717, 720 (Bankr. W.D. Mo. 1989).

The consequence of *Griffin*'s rule would largely go to what damages could be available. Willful violations of a bankruptcy discharge can be punishable by sanctions. *In re Barr*, 457 B.R. 733, 735 (Bankr. N.D. Ill. 2011). If student loan debt is excepted from discharge by default in all cases, there is no case for willful violation of discharge. If *Griffin*'s rule applies, then the case for willful discharge violation turns on whether the creditor had a good faith basis for believing that its debt was not subject to the seven-year rule for student loan discharges.

Here, the United States—at a minimum—has a good faith basis for believing that its loan survived Harper's bankruptcy discharge even if a court were to follow *Griffin*'s rule. Harper filed her chapter 7 bankruptcy on July 31, 1996. *In re Harper*, No. 96 B 19846 (Bankr. N.D. Ill.) Dkt. 1. The seven-year rule (in effect then but since repealed) allowed for the discharge of student loans that became due more than seven years (exclusive of periods of repayment suspension) before the bankruptcy. 11 U.S.C. § 523(a)(8)(A) (effective April 26, 1996). Seven years before the

4

bankruptcy was July 31, 1989.  The United States' records show Harper received repayment

suspensions that spanned the following periods:

| Start Date | End Date | Total |
|---|---|---|
| 3/1/1990 | 9/11/1992 | 926 days |
| 11/1/1992 | 6/30/1993 | 242 days |
| | **Grand Total** | **1,168 days** |

Accounting for the 1,168 days of suspended payment pushes the seven-year period start date back

to May 20, 1986.  So, if Harper's period of repayment began before May 20, 1986, her debt is

*subject to* discharge; if the repayment period began after that date, then her debt is *excepted from*

discharge.  The Department of Education believes that her repayment period began no earlier than

November 1986.  It basis that belief on a promissory note in its files dated November 27, 1985,

that show Harper was enrolled as a senior as of that date and that her expected graduation date

from her undergraduate institution (Eastern Illinois University) was May 30, 1986.  That

promissory note specifies that repayment will begin after a 6-month grace period.  Although

Harper could have chosen to begin repayment prior to the expiration of the 6-month grace period,

the Department of Education has no records indicating that occurred.  Nor has Harper submitted

such records.

Harper's response challenges the Department of Education's understanding of when

Harper's repayment began, stating that she did *not* graduate in 1986, but left the school in 1985.

Resp. at 3.  If that is the case and Harper notified her lender and began repayment on or before

May 20, 1986, then Harper's debt may be subject to discharge.  The United States attempted to

confirm Harper's account through the Illinois Student Assistance Commission (ISAC), the prior

loan holder/servicer, but ISAC no longer has the applicable records.  The United States intends to

attempt to confirm Harper's account through other sources, such as by contacting Eastern Illinois

University.  The Department of Education would not object to conceding that Harper met the

seven-year rule if documents are located or produced to show that her repayment began on or before May 20, 1986. But if no such document can be identified, there is no basis for showing that Harper's school debt would have satisfied the seven-year rule.

In any case, the FDCPA and ICFA are not viable vehicles for testing the dischargeability of a debt as against the United States under the Bankruptcy Code. The appropriate vehicle is to file a complaint before the bankruptcy court to establish dischargeability. District courts have jurisdiction over all civil proceedings arising under title 11 (28 U.S.C. § 1334(b)), but refer those matters to bankruptcy judges (28 U.S.C. § 157(a); LR 40.3.1(a)). Dischargeability determinations are core proceedings arising under title 11 and, therefore, are within the scope of the general referral to bankruptcy courts. 28 U.S.C. § 157(b)(2)(I). Proceedings to determine the dischargeability of debts in bankruptcy are brought by adversary proceeding (Bankr. R. 7001(6) and "may be filed at any time" (Bankr. R. 4007(b)). While Harper's bankruptcy case has been closed for some time, bankruptcy courts will reopen cases for cause. 11 U.S.C. § 350(b). Harper has filed the wrong cause of action in the wrong court.

Since there is no sovereign immunity waiver applicable to the claims Harper has brought, dismissal is appropriate. To be clear, though, the United States remains willing to consider whatever additional documentary evidence Harper may have that repayment of her loans began on or before May 20, 1986, in hopes of reaching a resolution by agreement. If the United States can confirm that Harper's period of repayment began more than seven years before her 1996 bankruptcy (exclusive of repayment suspension periods), it will not pursue the debt.

**Conclusion**

For the foregoing reasons, this court should dismiss Harper's complaint.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Michael J. Kelly
MICHAEL J. KELLY
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4220
michael.kelly@usdoj.gov

7

## V. Repayment Information

| AMOUNT FINANCED INCLUDING CAPITALIZED INTEREST | # OF MONTHS | TERMS | FIRST PAYMENT DUE DATE | INTEREST ACCRUAL FROM | # OF PAYMENTS MADE | # OF MONTHS PAYMENTS DEFERRED/ OF FORB. | PAST DUE DATE | DATE OF LAST PAYMENT | # OF DAYS PAST DUE |
|---|---|---|---|---|---|---|---|---|---|
| 9846.23 | 120 | @ $125.40 | 9-30-93 | 10-3-94 | 20 | 0 | 6-30-94 | 10-18-94 | |
| | | @ $ | | | | | | | |
| | | @ $ | | | | | | | |
| | | @ $ | | | | | | | |

ISAC USE ONLY - DEFAULT DATE: _____  INTEREST PAID FROM _____ TO _____

## VI. Itemize All Deferments/Forbearances

| DATE | TYPE | PERIOD OF DEFERMENT | | # MONTHS VALID |
|---|---|---|---|---|
| 5-29-92 | N | 12-1-90 to 1-2-91 | | |
| 3-22-91 | S | 1-3-91 to 6-14-91 | | |
| 9-30-91 | S | 6-15-91 to 12-13-91 | | |
| 5-29-92 | S | 12-14-91 to 6-15-92 | | |
| 8-3-92 | S | 6-16-92 to 9-11-92 | | |
| 7-1-93 | H | 11-1-92 to 6-30-93 | | |
| | | ____ to ____ | | |
| | | ____ to ____ | | |

FORBEARANCE INTEREST FROM _____ TO _____ AMOUNT ACCRUED $ _____ AMOUNT PAID $ _____

## VII. Application of Payments

| | NOTE 1 | NOTE 2. | NOTE 3. | NOTE 4. |
|---|---|---|---|---|
| APPLIED TO PRINCIPAL | $ 397.00 | $ | $ | $ |
| APPLIED TO INTEREST | $ 1107.87 | $ | $ | $ |
| APPLIED TO LATE CHARGES | $ 0.00 | $ | $ | $ |
| TOTAL PAID BY BORROWER | $ 1504.87 | $ | $ | $ |
| UNPAID PRINCIPAL BALANCE | $ 9449.23 | $ | $ | $ |
| UNPAID LATE CHARGES | $ 0.00 | $ | $ | $ |
| SIMPLE INTEREST DUE FROM | $ | | | |

(EARNED INTEREST CALCULATED USING DAILY OR MONTHLY INTEREST FACTOR)
RULE OF "78"'s (EARNED INTEREST USING "SUM OF THE DIGITS" AND PRECOMPUTED FINANCE CHARGE)

## VIII. Miscellaneous

ARE ORIGINAL NOTES ATTACHED?  ☐ YES    CERTIFIED # _____    ☐ NO    Date Final Demand Letter Sent _____

ADDITIONAL COMMENTS  ACR 10-8-90 -1-2-91 $ 204.86 _____

## IX. Certification By Account

I certify that this loan was made, disbursed and serviced in compliance with all federal regulations and ISAC rules. Should ISAC determine that the lender did not comply with federal regulations or ISAC rules, and such non-compliance results in ISAC's inability to collect from the borrower or the loss of federal reinsurance on the loan, the lender shall refund the amount of the loss to ISAC.

PLEASE PRINT OR TYPE THE FOLLOWING INFORMATION

Lender/Servicer Name: _____    Phone Number: ( )_____

Authorized Signature: *Tony Gales*    Fed. Employee ID# _____

Name and Title: _____    Date: _____

Exhibit G

(562) *** IDAPP PAYMENT HISTORY ***      12/31/94

STUDENT ▓▓▓▓▓▓-0689   SOCH   KYRA M HARPER

| POST DATE | NBR | TYPE | AMOUNT | PRINCIPAL | INTEREST | BALANCE | SYS. DATE |
|---|---|---|---|---|---|---|---|
| 10/13/94 | 0606 | A | 125.00 | 0.00 | 125.00 | 9449.23 | 10/14/94 |
| 08/10/94 | 0769 | A | 125.00 | 80.35 | 44.65 | 9449.23 | 08/11/94 |
| 07/22/94 | 1070 | A | 125.00 | 16.96 | 108.04 | 9529.58 | 07/25/94 |
| 06/27/94 | 0778 | A | 125.00 | 0.00 | 125.00 | 9526.54 | 06/28/94 |
| 04/14/94 | 0946 | A | 125.00 | 61.04 | 63.96 | 9546.54 | 04/15/94 |
| 03/18/94 | 1256 | A | 125.00 | 4.13 | 120.87 | 9607.58 | 03/31/94 |
| 01/26/94 | 1794 | A | 125.00 | 39.33 | 85.67 | 9611.71 | 01/27/94 |
| 12/21/93 | 1065 | A | 125.00 | 31.88 | 93.12 | 9651.04 | 12/22/93 |
| 11/12/93 | 0589 | A | 130.00 | 74.66 | 55.34 | 9682.92 | 11/15/93 |
| 10/20/93 | 1193 | A | 135.00 | 59.85 | 75.15 | 9757.58 | 10/21/93 |
| 09/17/93 | 1473 | A | 120.00 | 33.63 | 86.37 | 9812.73 | 09/20/93 |
| 08/18/93 | 1184 | A | 120.00 | 0.00 | 120.00 | 9846.36 | 08/19/93 |

redacted

EXhibit H

**UNITED STATES DISTRICT COU.**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KYRA HARPER,                          )
                                      )
         Plaintiff,                   )
                                      )        No. 17 C 3885
    v.                                )
                                      )        Judge Sara L. Ellis
UNITED STATES DEPARTMENT OF           )
EDUCATION; PREMIERE CREDIT OF         )
NORTH AMERICA, LLC,                   )
                                      )
         Defendants.                  )

**ORDER**

The Court grants Defendants' motions to dismiss [18, 29].  See statement for details.

**STATEMENT**[1]                 *Incorrect 5/86 - 11/94*

Plaintiff Kyra Harper took out student loans to attend Eastern Illinois University in 1982, and she made payments on the loans from <u>1988 to 1996.</u> In 1996, Harper filed for Chapter 7 bankruptcy.  After her bankruptcy was discharged, she believed that she had discharged all of her debts, including her student loans.  Consistent with that belief, student loan information no. longer appeared on her credit reports.

In 2013, Harper did not receive the tax refund she expected for overpayment in the 2012 tax year.  She inquired with the Internal Revenue Service ("IRS"), which informed her that the United States Department of Education ("DOE") seized her refund to pay off her student loan debts, which she thought had been discharged.  The IRS also told her that Premiere Credit of North America, LLC ("Premiere"), a debt collection agency, was servicing the debt.  Harper attempted to secure a hearing with Premiere so that she would have the opportunity to dispute the seizure of her tax refund, but it never granted her one.  While she was still in communication with Premiere regarding the issue in March 2015, the DOE also seized her 2014 tax refund.

Harper then filed claims against both the DOE and Premiere, alleging that withholding her tax refunds constituted a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 Ill. Comp. Stat. § 505, *et seq.*  Defendants move to dismiss.

---

[1] The facts in this Statement are taken from Harper's amended complaint [11] and are presumed true for the purpose of resolving Defendants' motions to dismiss.  *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

Exhibit I

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

First, sovereign immunity bars Harper's FDCPA claim against the DOE. The Eleventh Amendment to the United States Constitution prohibits citizens from filing suit against a sovereign state. U.S. Const. amend. XI; *see Ameritech Corp. v. McCann*, 297 F.3d 582, 585 (7th Cir. 2002). Unless it waives immunity, the United States and its agencies are immune from suit. *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994). Courts have routinely held that Congress did not waive sovereign immunity by enacting the FDCPA. *See Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) (holding that "because the FDCPA does not contain an unequivocal and express waiver of sovereign immunity, the district court correctly held that it lacked subject matter jurisdiction"); *Perry v. Wright*, No. 12 Civ. 0721 (CM), 2013 WL 950921, at *5 (S.D.N.Y. Mar. 8, 2013) (finding that "Congress did not waive sovereign immunity by enacting the FDCPA").

Even if Harper were able to establish that the United States has waived its sovereign immunity, she cannot prevail on her FDCPA claim against Defendants because any FDCPA claim based on the seizure of her tax refunds in 2013 and 2015 is barred by the statute of limitations. The statute of limitations for the FDCPA is one year and the clock begins to run on the date of the alleged violation.[2] 15 U.S.C. § 1692k(d); *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004). Here, the violations that Harper alleges are the seizures of her 2012 and 2014 tax refunds. Her amended complaint [11] explicitly states that her 2014 tax refund was seized in May 2015. Doc. 11 ¶ 23. She did not file her initial complaint until May 23, 2017, more than a year later. Doc. 1. In her response, Harper contends that the appropriate statute of limitations is 28 U.S.C. § 1658, which states that, "except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of this section may not be commenced later than four years after the cause of action accrues." This statute is inapplicable because the FDCPA provides its own statute of limitations. Because Harper's amended complaint establishes that the latest possible violation occurred in May 2015, over a year before

---

[2] The statute of limitations is an affirmative defense that need not be anticipated in the complaint to survive a motion to dismiss. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). But, where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint reveals that an action is untimely under the governing statute of limitations," dismissal is appropriate. *Id.*; *see also Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). Here, the amended complaint establishes the relevant dates, and so the Court can evaluate Defendants' limitations defense on the face of the amended complaint.

her original complaint was filed, her FDCPA claim is time barred. Thus, the Court dismisses Harper's FDCPA claim with prejudice.

Harper has pleaded that the Court has original jurisdiction over the FDCPA claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the ICFA claims pursuant to 28 U.S.C. § 1367. Because the Court dismisses the claim over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Harper's ICFA claim. The Court dismisses the ICFA claims without prejudice. *See* 28 U.S.C. § 1367(c); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

As a final note, in its reply brief, the DOE notes that it is willing to consider whatever additional documents Harper has, and that if it can confirm that Harper began repaying her loans more than seven years before her 1996 bankruptcy (not including repayment suspension periods), it will not pursue the debt. Doc. 38 at 6. The Court encourages Harper to reach out to the DOE regarding this offer. However, for the foregoing reasons, the Court grants Defendants' motions to dismiss with prejudice regarding the FDCPA claim and without prejudice regarding the ICFA claim.


Date: August 6, 2018                                    /s/ Sara L. Ellis_____

$3,807.93                        $25,057.51

AMOUNT PAID:

DO NOT SEND CASH.
MAKE CHECKS PAYABLE TO: U.S. DEPARTMENT OF EDUCATION.
SHOW YOUR SOCIAL SECURITY NUMBER ON YOUR CHECK.
RETURN THIS PORTION WITH YOUR PAYMENT.
SEND PAYMENT TO:

1 MB   *A-01-WG5-BM-09125-34

KYRA HARPER
1110 E 165TH ST
SOUTH HOLLAND IL 60473-2531

U.S. DEPARTMENT OF EDUCATION
NATIONAL PAYMENT CENTER
PO BOX 790336
SAINT LOUIS MO 63179-0336

4  410015913880  0000000610  00000610      4  410015913880  0002062020  25057515

---

PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT                    02/06/2020

Dear KYRA HARPER,

This notice regarding your defaulted student loan or grant overpayment debt held by the U.S. Department of Education is from Reliant Capital Solutions, LLC. The Department has placed your account with us for collection.

Thank you for your interest in resolving your debt(s) with the U.S. Department of Education.

There are numerous programs available to repay defaulted student debt(s) and it would be to your advantage to contact Reliant Capital Solutions, LLC to discuss your options.  Please contact our office at the phone number or address below.  This address is for correspondence only.  Do not send payment to this address.

As of the date of this letter, you owe $25,057.51. Because of interest and collection costs that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.    For further information, write the undersigned or call (877) 404-8853.

Reliant Capital Solutions, LLC
PO Box 307290
Gahanna, OH 43230

Our business hours are: Monday-Thursday 8am-7pm and Friday 8am-5pm (ET).

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Update your communication preferences by visiting http://www.reliantcapitalsolutions.com/consent/.

Telephone calls with Reliant Capital Solutions, LLC are monitored and recorded for quality and training purposes.

### ACCOUNT INFORMATION
Re: US DEPARTMENT OF EDUCATION
Name: KYRA HARPER
Account # 1001591388
Balance As of 02/06/2020  $25,057.51

### OFFICE HOURS
Monday - Thursday
8:00am - 7:00pm Eastern Time
Friday
8:00am - 5:00pm Eastern Time

### PAYMENT OPTIONS
Check by Phone
(877) 404-8853
Debit Cards

### ACCOUNT INFORMATION

| Loan # | Principal | Interest | Collection Costs | Balance |
|---|---|---|---|---|
| 0000000005045311 | $9,686.81 | $11,562.77 | $3,807.93 | $25,057.51 |

2887011 72M

Page 1 of 2



Exhibit 5

B 1040 (FORM 1040) (12/15)

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| *Kyra Harper* | *U.S Department of Education* |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| *N/A* | *N/A* |

**PARTY** (Check One Box Only)
☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)
☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin
☒ Creditor ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

*Plaintiff income taxes were fraudulently seized by the Department of Education via Premiere Credit of North America Collection agency.*

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge – §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability – §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability – §523(a)(2), false pretenses, false representation,
  actual fraud
☐ 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny
  **(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability – §523(a)(5), domestic support
☐ 68-Dischargeability – §523(a)(6), willful and malicious injury
☒ 63-Dischargeability – §523(a)(8), student loan
☐ 64-Dischargeability – §523(a)(15), divorce or separation obligation
  (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court
  if unrelated to bankruptcy case)

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
AUG 11 2020
JEFFERY P. ALLSTEADT, CLERK
INTAKE 1

☐ Check if this case involves a substantive issue of state law
☐ Check if this is asserted to be a class action under FRCP 23

☒ Check if a jury trial is demanded in complaint
Demand $ *16,00*

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR _Kira Harper_ | BANKRUPTCY CASE NO. _96B19846_ | |
| DISTRICT IN WHICH CASE IS PENDING _N/A_ | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) _N/A_ | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.